```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

JAMAAL ALI BILAL fka John L.
Burton, aka Superman,

      Plaintiff,

v.                              Case No: 2:16-cv-799-FtM-29MRM

FNU FENNICK, Captain, FCCC
Shift Supervisor, FNU
CLARKE, C.O., MARK SNYDER,
FCCC Investigator, FNU
MECHELIS, C.O., and RICK
SLOAN, Chaplain,

      Defendants.

## ORDER

This matter comes before the Court on sua sponte review of the docket. On June 11, 2019, the Court issued an Order to Show Cause why a filing injunction should not be imposed against the Plaintiff Jamaal Ali Bilal. (Doc. #35). Bilal filed his Response and Motion for Relief from Order to Show Cause (Doc. #36) on July 1, 2019. For the reasons set forth below, the court denies the motion for relief and enters a filing injunction.

**I.**

On June 11, 2018, this Court dismissed Bilal's Complaint without prejudice for violating the Court's Order to pay the Court's filing fee. Bilal's motion to proceed *in forma pauperis* (Doc. #2) was denied based upon the Court's adoption of the filing

injunction placed upon Bilal by the United States District Court for the Northern District of Florida.[1] (Doc. #6 at 2). This Court adopted the Northern District's filing injunction. See Bilal v Kearney, 2:02-cv-421-JES-SPC; Bilal v. Jarvis, 2014 WL 948892, *2 (M.D. Fla. Mar. 11, 2014) (noting that this Court adopted the Northern District of Florida's filing injunction against Jamaal Bilal).

The Injunction provides: "[l]eave to proceed in forma pauperis will not be granted unless the magistrate judge determines that plaintiff has credibly alleged that he is in imminent danger of serious physical injury." (Doc. #1-1 at 1). After determining that Bilal was not in imminent danger, the Court denied Bilal's Motion to Proceed IFP and directed him to pay the Court's $400.00 filing fee.  When Bilal failed to pay the filing fee, his case was dismissed. (Doc. #19). Bilal appealed, and the Eleventh Circuit remanded reasoning that the injunction could not be expanded to this case absent notice and an opportunity to be heard. (Doc. #23). Thereafter, the Court issued the Order to Show Cause. (Doc. #35).

In response, Bilal notes that he has been released from detention at the Florida Civil Commitment Center and is no longer subjected to the Prisoner Litigation Reform Act (PLRA).  Bilal argues there is no longer a basis to restrict his filings to cases

---

[1] The injunction at issue was originally filed in N.D. Fla., Bilal v. Moore, 3:99-cv-456-LAC-SMN.

in which he is imminent danger. Bilal also claims that the Eleventh Circuit found the allegations here state a claim for relief.

**II.**

Recognizing that access to the courts is "unquestionably a right of considerable significance," the Eleventh Circuit has determined that "[t]he propriety of an injunction against IFP filings by a litigant depends on weighing the interest of the court to protect its own jurisdiction to hear meritorious matters against the interest of the IFP litigant presenting his claim for adjudication." Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) (citations omitted). But such a right of access to the courts "is neither absolute nor unconditional." Id. at 1096. (citations omitted). Rather, certain "[c]onditions and restrictions on each person's access are necessary to preserve the judicial resource for all other persons" because "vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants." Id. The courts are "authorized under the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants." Id. Imposing financial considerations on indigent litigants has been upheld as an acceptable way for the courts to balance a litigant's rights with the court's "obligation to protect their jurisdiction from conduct which impairs their

ability to carry out Article III functions." Id. (citing Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986)).

In Procup, the Eleventh Circuit, although finding the injunction overly broad, explained in an en banc decision that district courts have "[c]onsiderable discretion" in fashioning injunctions, including the authority to impose significant restrictions on a defendant who brings matters before the court without an attorney, as long as the defendant is not completely foreclosed from "any access to the courts." Procup, at 1073-74. See also Martin-Trigona v Shaw, 986 F.2d 1384, 1386-1387 (11th Cir. 1993); Copeland v. Green, 949 F.2d 390 (11th Cir. 1991) (per curiam); United States v. Hintz, 229 F. App'x. 860, 861 (11th Cir. 2007). Factors the courts should consider in evaluating the appropriateness of an injunction include: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective, good-faith expectation of prevailing,(3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, and (5) whether other sanctions would be adequate to protect the courts and other parties." Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986), cert. denied, 479 U.S. 1099 (1987).

**III.**

Bilal has filed fifty-one cases in the Middle District of Florida, forty-four of which are civil rights cases under 42 U.S.C. § 1983, and seven habeas petitions, including five civil rights cases filed since December 2018. Bilal's complaints are filed <u>pro se</u> and generally identify multiple defendants in a litany of unrelated mostly conclusory claims. Many of Bilal's cases are denied before the opposition has had the opportunity to answer or respond with a motion to dismiss. As examples, Bilal has had six cases dismissed for failure to exhaust his administrative remedies, five cases for failure to state a claim, two dismissed for failure to prosecute, two voluntarily dismissed, and at least two dismissals under § 1915(g) — as a three striker — for filing frivolous claims while still incarcerated.

The Court has spent countless hours reviewing the allegations in Bilal's numerous complaints, amended complaints, and other pleadings. The U.S. Marshal, who was charged with effectuating service of Bilal's complaints, has expended both innumerable man hours, postage costs, and monetary costs in traveling to effectuate service of process of Bilal's complaints. Bilal has filed multiple actions seeking redress of claims for which the Court has determined could not state a constitutional violation or for which a private cause of action does not exist. Despite the Court's rejection of these various claims, Bilal continues to file multiple

actions asserting meritless claims. While Bilal argues that the Eleventh Circuit found this case to have merit, the Eleventh Circuit did not address the merits of this case, but only examined the application of the Northern District of Florida's injunction to this case. (Doc. #23).

Based on Bilal's multiple past filings and abuse of the court system, the Court finds that a filing injunction is necessary to preserve the judicial resource for all other persons because his multiple vexatious lawsuits threaten the availability of a well-functioning judiciary to all litigants.

Accordingly, it is hereby

**ORDERED:**

1. Before filing any lawsuit with this Court, Bilal is ordered to seek leave of court. In seeking leave, Bilal must inform the Court of the pertinent facts about the action he wishes to bring, including referencing the existence of this injunction and any other pending litigation against the proposed defendants.

The proposed action will be reviewed and screened by a Magistrate Judge in the division in which the action is sought to be filed. A Magistrate Judge will determine whether the proposed action has arguable merit. If a Magistrate Judge's preliminary review results in a finding that Bilal's proposed action is frivolous, that proposed action will not be filed with the Court but will be returned to Bilal. If the Court issues such a finding,

then Bilal will be subject to sanctions such as a monetary assessment. See In re Roy Day Litig., 976 F. Supp. 1460 (M.D. Fla. 1995). If a Magistrate Judge's preliminary review results in a finding that Bilal's proposed action is not frivolous, then a Magistrate Judge will direct the Clerk to file his case.

2. Plaintiff Jamaal Ali Bilal's Motion for Relief from Order to Show Cause (Doc. #36) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___21st___ day of August 2019.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies:
All Parties of Record

- 7 -